3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
DEC 30 1999
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| JUSTIN OAKERSON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| CITY OF BROWNSVILLE, | § | B - 99 - 197 |
| ARTURO RODRIGUEZ and | § | |
| CARLOS RUBINSTEIN | § | |

## DEFENDANTS' MOTION TO DISMISS AND TO STAY DISCOVERY

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW **THE CITY OF BROWNSVILLE, TEXAS and ARTURO RODRIGUEZ,** Defendants in the above-entitled and numbered cause, and file this their Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), and Motion to Stay Discovery, pursuant to applicable law, and for cause would respectfully show unto the court the following:

### I.

### SUMMARY OF MOTION

Plaintiff alleges causes of action pursuant to 42 U.S.C. §1983, arising out of the termination of Plaintiff's employment with the City of Brownsville Emergency Medical Services ("EMS"). Plaintiff contends that his employment was terminated in violation of his rights to freedom of speech and association pursuant to the First and Fourteenth Amendments to the United States Constitution. Plaintiff's right to free speech was not violated, however,

because Plaintiff has not established a sufficient causal link between his alleged "speech" and his termination. The individual Defendant is entitled to qualified immunity because Plaintiff's allegations do not establish they they violated Plaintiff's clearly established constitutional rights of which a reasonable person would have known. In addition, the individual Defendant is entitled to a stay of discovery in this cause until the issue of qualified immunity for Defendant Rodriguez can be decided by this Court.

## II.

## FACTUAL ALLEGATIONS

Plaintiff alleges that he began working for Brownsville EMS in 1995. In early 1997, Plaintiff claims that a group of Brownsville EMS personnel, including Plaintiff, approached the Brownsville Professional Fire Fighters Association ("the Association"), to request that it organize Brownsville EMS employees. Plaintiff further alleges that he was involved in attempts to organize Brownsville EMS employees into the Association.

Plaintiff next alleges that the Brownsville EMS training officer was killed in an accident in the Summer of 1998, and Plaintiff was selected to fill her position on January 18, 1999. Plaintiff contends that he was hired in this position as a probationary employee.

Plaintiff alleges that he re-initiated an organizational drive aimed at bringing EMS employees into the Association, shortly after he was selected as training officer. Plaintiff alleges that by February 1999, over half of Brownsville EMS employees had joined the Association, largely as a result of Plaintiff's efforts.

Plaintiff next alleges that in March 1999, he assisted Association officers in organizing a meeting with the Brownsville Mayor and a City Commissioner. Although Plaintiff was unable to attend the meeting, he claims to have publicized the meeting to all [EMS] employees

on each shift and that approximately ten (10) EMS employees attended the meeting. Plaintiff does not allege that any of the Defendants were aware of his efforts to organize the Association or the March, 1999 meeting.

Plaintiff contends that one week after the Association meeting, he received a negative evaluation from Assistant EMS Director Jeff Johnson and an informal reprimand from Defendant Rodriguez "concerning employee complaints raised at the meeting with the Mayor."

Plaintiff next alleges that he attended the opening of a new fire station in April 1999, which was also attended by the Brownsville Mayor and Association officers. Plaintiff further alleges that on April 25, 1999, a picture featuring Plaintiff and the Association president and vice president was featured in a campaign ad of the incumbent Mayor contained in the Brownsville newspaper. Supposedly, the Plaintiff and the Association officers were identified by name and position in the caption underneath the picture. Plaintiff does not indicate what position was listed next to his name, however.

Ultimately, Plaintiff alleges that on June 22, 1999, he was terminated by Defendant Rodriguez on the "pretext" that he had not successfully completed his probationary term as a training officer. Plaintiff alleges that Defendant Rodriguez knew that Plaintiff was a leader in organizing Brownsville EMS employees to be Association members. Plaintiff further claims that the reason for his termination, (unsatisfactory performance) was a pretext because "Plaintiff taught paramedic courses at the college level and had received accolades from others, including the Brownsville Fire Chief, for his skill in providing paramedic and EMT training." Plaintiff was not given an appeal hearing, because at the time of his termination he was a probationary employee.

## III.

## MOTION TO DISMISS

### A. Amendment Right to Free Speech.

Plaintiff contends that he was terminated in retaliation for exercising his right to free speech. There are four elements to an employee's First Amendment free speech retaliation claim against his employer:

> First, the Plaintiff must suffer an adverse employment decision. Second, the Plaintiff's speech must involve a matter of public concern. Third, the Plaintiff's interest in commenting on matters of public concern must outweigh the Defendants' interest in promoting efficiency. Fourth, the Plaintiff's speech must have motivated the Defendants' action.

*Teague v. City of Flower Mound, Texas*, 179 F.3d 377, 380 (5th Cir. 1999)(internal citations omitted). Initially, the Plaintiff must prove that he actually spoke or otherwise engaged in speech activities recognized by First Amendment juris-prudence. *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999). Furthermore, Plaintiff must demonstrate that his speech was a "substantial" or "motivating" factor behind the Defendants' action. *Brady v. Houston Independent School Dist.*, 113 F.3d 1419, 1423 (5th Cir. 1997), *citing Mt. Health City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-87, 97 S.Ct. 568, 574-76, 50 L.Ed. 2d 471 (1997). In order to establish a causal link between his alleged speech and his termination, Plaintiff must show that Defendants had knowledge of the speech for which he contends he was terminated. *See Lukan v. North Forest ISD*, 183 F.3d 342, 346 (5th Cir. 1999).

Plaintiff's allegations fail to establish any specific speech for which he contends he has been terminated. Significantly, Plaintiff's allegations demonstrate that Defendants had no knowledge of Plaintiff's associational activities or "speech" until at least April 25, 1999. Moreover, Plaintiff has not established that Defendants knew of Plaintiff's alleged activities even after that date. There is no allegation that the Defendants saw the newspaper article, commented on Plaintiff's involvement in the Association, or elicited any information regarding Plaintiff's activities from any source. Thus, Plaintiff has failed to identify any speech which was a substantial or motivating factor for his termination, and Plaintiff's free speech claim should be dismissed.

## B. Qualified Immunity.

There is a presumption that the individual Defendants are entitled to federal qualified immunity. In fact, to establish that Defendant Rodriguez is *not* entitled to qualified immunity, the Plaintiff must satisfy a three-pronged test. *See Eugene v. Alief Independent Sch. Dist.*, 65 F. 3d 1299, 1305 (5th Cir. 1995). First, he must allege facts that assert a violation of a constitutional right; second, he must show that this right was clearly established at the time of Defendant's actions, and third, he must show that the Defendant's actions were objectively unreasonable. *Id*. Even if Defendant Rodriguez' conduct infringed upon a constitutional right of the Plaintiff, however, official immunity will shield the Defendant if his conduct was objectively reasonable. *Gutierrez v. City of San Antonio*, 139 F. 3d 441, 445 (5th Cir. 1998).

Plaintiff has not alleged the violation of a clearly established right of which the Defendants would reasonably have known. However, if this court finds that Plaintiff's termination did allegedly involve the violation of a constitutional right, then Defendants contend that Plaintiff's termination was objectively reasonable in light of Plaintiff's admission that he was a probationary employee at the time of his termination, when he was told that he had been terminated for poor performance.

WHEREFORE, PREMISES CONSIDERED, Defendants **CITY OF BROWNSVILLE and ARTURO RODRIGUEZ**, would respectfully request that this court set this matter for a hearing and dismiss each claim on which Plaintiff has failed to state a cause of action upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6) and for such other and further relief to which Defendants may show themselves to be justly entitled at law and in equity.

## IV.

### MOTION TO STAY DISCOVERY

Defendants contend that they are entitled to dismissal of all claims against Plaintiff, because he has failed to allege a violation of a clearly established statutory or constitutional right of which a reasonable person would have known, and therefore, Defendant Rodriguez would request that all discovery be stayed in this action pending resolution of their claims of entitlement to qualified immunity. The Supreme Court has held that individual Defendants such as Rodriguez is entitled to dismissal before commencement of any discovery, particularly because qualified immunity is effectively lost if the claim to which it applies is erroneously

permitted to go to trial. *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2816, 86 L.Ed. 2d 411 (1985). Defendant Rodriguez is entitled to an Order staying all discovery, because to allow discovery to go forward on issues other than those related to their claim of immunity would effectively deny them the benefits of qualified immunity. *Wicks v. Mississippi State Empl. Svc.*, 41 F.3d 991, 994-95 (5th Cir. 1985). Moreover, "[e]ven limited discovery on the issue of qualified immunity 'must not proceed until the district court *first* finds that the Plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)(emphasis in original), *quoting Wicks v. Mississippi State Empl. Svc.*, 41 F.3d at 994 and n.10. Therefore, even though Defendant asserts that he is entitled to dismissal of all claims against them, based upon his entitlement of qualified immunity herein, some discovery may be necessary to resolve the issue of Defendant's qualified immunity pursuant to 42 U.S.C. ∋1983 in regard to Plaintiff's pending claims. Therefore, Defendant requests that any discovery in this case be limited to the resolution of the issue of these Defendant's entitlement to qualified immunity herein.

WHEREFORE, PREMISES CONSIDERED, Defendant **ARTURO RODRIGUEZ** would respectfully request that this court order set this matter for hearing and upon hearing, that all discovery in this action be stayed, other than discovery relating to the issue of his entitlement to qualified immunity, until such time as that issue has been resolved by the court, and for such other and further relief to which this Defendant may show himself to be justly entitled, at law and in equity.

Signed on this 30th day of December, 1999.

Respectfully submitted,

**LAW OFFICE
J. ARNOLD AGUILAR**

Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520
Telephone : (956) 504-1100
Facsimile : (956) 504-1408

By: _____
J. Arnold Aguilar
Federal Adm. No. 6822

Kyle Guthrie
Federal Adm. No. 22964

Attorneys for Defendants,
CITY OF BROWNSVILLE
and ARTURO RODRIGUEZ

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **DEFENDANTS' MOTION TO DISMISS AND TO STAY DISCOVERY** has on this the 30th day of December, 1999, been forwarded via certified mail, return receipt requested to:

Mr. B. Craig Deats
Mr. Scott H. Jenkins
JENKINS & DEATS, P.C.
327 Congress Avenue, Suite 300
Austin, TX 78701

Mr. Miguel A. Saldaña
CARINHAS & SALDAÑA, L.L.P.
302 Kings Highway, Suite 109
Brownsville, TX 78521

_____
J. Arnold Aguilar

IN THE UNITED STATES DISTRICT COURT