

```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                       BROWNSVILLE DIVISION
```

United States District Court
Southern District of Texas
FILED

FEB 15 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUSTIN OAKERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | NO. B-99-197 |
| CITY OF BROWNSVILLE, | § | |
| ARTURO RODRIGUEZ, and | § | |
| CARLOS RUBINSTEIN, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS AND TO STAY DISCOVERY**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Comes now Justin Oakerson, Plaintiff herein, and files this response to Defendant's Motion to Dismiss and to Stay Discovery, and would show the court as follows[1]:

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

1.

ARGUMENT AND AUTHORITIES

This Motion is before the Court pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering this Motion, every allegation contained in Plaintiff's Original Complaint must be accepted as true, and all doubts concerning the sufficiency of the claim must be resolved in Plaintiff's favor. Sloan v. Sharp, 157 F.3d 980, 982 (5th Cir. 1998). The issue before the Court is whether Plaintiff's allegations, fairly construed,

---

[1] This motion is filed on behalf of Defendant Rubinstein. A similar motion on behalf of defendants Rodriguez and City of Brownsville is already on file with the court, as is Plaintiff's response to that motion.

1

claim a violation of rights protected by the First and Fourteenth Amendments of the United States Constitution, and if so, whether those rights were clearly established at the time Defendants took their allegedly retaliatory action against Plaintiff. <u>Siegert v. Gilley</u>, 500 U.S. 226, 231-2, 111 S.Ct. 1789, 1793 (1991); <u>Brawner v. City of Richardson</u>, 855 F.2d 187, 191 (5th Cir. 1988).

A. <u>First Amendment Right to Free Speech and Association</u>

Defendant Rubinstein contends in his motion that "[P]laintiff's allegations fail to establish any specific speech for which he contends he has been terminated." (Defendant's Motion to Dismiss and to Stay Discovery p. 5; hereinafter, Def.s Motion, p. ___). This contention is simply inaccurate. In addition, Defendant's argument ignores the associational aspects of the claims made by plaintiff.

1. <u>Plaintiff's complaint alleges protected conduct.</u>

The first question in the context of this motion to dismiss, is whether plaintiff's has plead associational activity that comes under the protective umbrella of the United States Constitution. Plaintiff's Original Complaint explicitly and directly alleges retaliation for plaintiff's association with a labor organization, the Brownsville Professional Fire Fighters Association, and for his protected political speech on the Association's behalf, in violation of his rights of freedom of speech and association guaranteed by the First and Fourteenth Amendments to the United States Constitution. (Plaintiff's Original Complaint and Jury Demand, p. 7-8; hereinafter, "Complaint, p. ___")

Plaintiff's Complaint sets out in detail the associational activities that formed the basis for the retaliation against him. In early 1997, plaintiff along with a group of other

2

employees, approached the Brownsville Professional Fire Fighters Association to request that it organize EMS employees. Complaint, p.3. Plaintiff was also among those who solicited other EMS employees for membership in the association. Id.

In 1999, shortly after his selection as a training officer, plaintiff again began talking to other employees about restarting the Association membership drive. By February of 1999, largely as a result of plaintiff's efforts, more than 50% of the employees had joined the Association, (Complaint, p.5). In March, 1999, plaintiff helped organize and publicize a meeting involving EMS employees, the mayor and a city commissioner to address workplace issues. Shortly before his termination, plaintiff's picture with the Association President and Vice President appeared in the city newspaper. (Complaint, p.6).

These facts clearly demonstrate that plaintiff had engaged in protected activity prior to his termination. The Fifth Circuit long ago stated that the right of association protected by the First Amendment "encompasses the right of public employees to join unions and the right of their unions to engage in advocacy and to petition government in their behalf. Thus, the First Amendment is violated by state action whose purpose is either to intimidate public employees from joining a union or from taking an active part in its affairs or to retaliate against those who do." Professional Association of College Educators, TSTA/NEA v. El Paso County Community College District, 730 F.2d 258 (5th Cir. 1984). See also Boddie v. City of Columbus, Mississippi, 989 F.2d 745 (5th Cir.1993).

   2. <u>Plaintiff has plead sufficient facts that, taken as true, create an issue of fact as to whether the activity was a motivating factor in the decision to terminate plaintiff's employment.</u>

3

The accepted rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley et al. v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957). Whether an employee's protected conduct was a substantial or motivating factor in an employer's decision to take action against the employee is a question of fact, ordinarily rendering summary disposition inappropriate. Click v. Copeland, 970 F.2d 106, 113 (5th Cir. 1992); Brawner v. City of Richardson, Texas, 855 F.2d 187, 193 (5th Cir.1988).

The bulk of defendant's argument appears to rest on the contention that "Plaintiff has not established a sufficient causal link between his alleged 'speech' and his termination." Def.s Motion, p.1. First, it should be pointed out that this places a far greater burden on plaintiff than is warranted at this stage of the proceedings. Ruling on a Rule 12(b)(6) motion requires the court to accept the allegations as true and view them in the light most favorable to the non-mover drawing all reasonable inferences in that party's favor. Baker v. Putnal, 75 F.3d 190, 196 (5th Cir.1996). The motion is denied unless it appears to a certainty that the plaintiff can prove no set of facts that would entitle him or her to relief. McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir.1992). Sloan, *supra* at 982-3. Clearly plaintiff has discharged this burden with respect to the causal connection between protected conduct and adverse personnel action.

As demonstrated above, plaintiff engaged in a series of open and public activities to assist in attempts to organize a union in his workplace. Plaintiff also specifically alleges that defendant Rodriguez was aware of his leading role in these ongoing organizational activities at the time of the termination, (Complaint, p.6-7).

4

In addition, plaintiff has plead facts evidencing anti-union animus on the part of defendants. Defendant Rodriguez had indicated that he "wasn't too happy" about union newsletters being distributed to EMS employees. Joel Ferrell, another union activist, was terminated on false charges in retaliation for his union activities. Employees who were not part of the Association's organizational activities were not disciplined or discharged by defendant despite engaging in misconduct. Rodriguez made disparaging comments to other employees about the Association and told them there would never be a union in Brownsville EMS. (Complaint, p.4).

Significantly, even as plaintiff was serving his probationary period of employment and assisting the Association in its organizing efforts, another probationary employee was interrogated by Defendant Rodriguez as to his sentiments on the union and asked to provide information as to the sentiments of other employees. Rodriguez specifically told this other employee that joining the Association would be a "bad career move." (Complaint, p.6)

Finally, plaintiff's termination was utterly pretextual. Rodriguez told plaintiff that he had not successfully completed his probationary period, yet plaintiff taught college level courses on paramedic training and continued to do so after his termination. He had also received accolades from others, including the Fire Chief of Brownsville, for his skill in providing training. Furthermore, even though the Brownsville EMS was short staffed at the time of his termination, he was not allowed to resume his prior EMT job. Other employees who were not active in Association activities were allowed to resume their prior positions when a promotion did not work out.

5

These facts, taken as true, demonstrably provide the basis for a causal link between plaintiff's termination and his associational activity. The public nature of the plaintiff's activities taken together with the publicly stated anti-union animus on the part of other decision making officials in the chain of command below Rubinstein create an issue of fact as to defendant Rubinstein's knowledge and liability. Rubinstein, despite his knowledge that this was the second union activist fired by Rodriguez, refused even to give Oakerson a hearing regarding his termination. In addition, Rubinstein is liable as the official who, through his actions, ratified the tainted decision of defendant Rodriguez. Vaughn v. Edel, 918 F.2d 517 (5th Cir. 1990). As a result, defendant's motion is without merit on this point.

B. Qualified Immunity

Defendant makes two assertions in contending that Plaintiff has not plead sufficient facts to overcome their defense of qualified immunity. Defendant's first argument is the purely legal one that Rodriguez is entitled to qualified immunity in his individual capacity because Plaintiff has failed to allege a violation of a constitutional right that was clearly established at the time of Defendant's actions. This contention by Defendant is easily rejected. The Fifth Circuit, writing in 1993, was "persuaded that in 1987 it was clear that the First Amendment protects an employee's right to associate with a union." Boddie v. City of Columbus, Mississippi, 989 F.2d 745, 748 (5th Cir. 1993), citing Smith v. Arkansas State Highway Employees, 441 U.S. 463, 464-65 (1979). The Court in Boddie held that the defendant fire chief was not entitled to qualified immunity because he should reasonably have known in 1987 that firing a fire fighter for his association with

the union violated clearly established law. <u>Boddie</u>, <u>supra</u> at 749-50. <u>Boddie</u> remains good law, and thus the rights asserted by Plaintiff were clearly established for at least a decade before he was fired.

 Second, Defendant baldly asserts that the termination of Plaintiff was "objectively reasonable in light of Plaintiff's admission that he was a probationary employee at the time of termination". While it is true that plaintiff was a probationary employee at the time of his dismissal, this fact has no legal import in the constitutional analysis required under the First and Fourteenth Amendment. If Defendant is actually arguing before this court that probationary employees have no enforceable rights under the United States Constitution, he has certainly failed to provide any support for this "novel" claim. Plaintiff has clearly plead that he was discharged in retaliation for his membership in, service to, and speech on behalf of the Brownsville Professional Fire Fighters Association, and that Defendant's stated reason for discharge was a pretext for retaliation. These allegations must be accepted as true. Defendant has not, and cannot cite a case stating that terminating a public employee, even a probationary one, based upon unsubstantiated charges in retaliation for association protected by the First Amendment is "objectively reasonable." Cf. <u>Brady v. Fort Bend County</u>, 145 F.3d 691, 702-3 (5th Cir. 1998) (argument that employee's First Amendment rights could not be violated because he was at will employee had been rejected for over three decades). Defendant is not entitled to dismissal of Plaintiff's case prior to discovery based upon qualified immunity.

 WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety, order Defendant to answer, and allow discovery to proceed forthwith.

7

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY DISCOVERY

### II.

### ARGUMENT AND AUTHORITIES

Citing <u>Wicks v. Mississippi State Employment Services</u>, 41 F.3d 991 (5th Cir. 1985), the Defendant requests the Court to enter an "order staying all discovery, because to allow discovery to go forward on issues other than those related to their claim of immunity would effectively deny him the benefit of qualified immunity." Defendant's Motion at p.7. <u>Wicks</u> stands for the proposition that discovery may be stayed pending the Court's ruling on a Rule 12(b)(6) Motion to Dismiss which raises substantial issues. For the reasons set forth in Plaintiff's Response to Defendant's Motion to Dismiss, Plaintiff respectfully submits that Defendant's Motion to Dismiss fails to raise any substantial issues counseling hesitation in allowing discovery to proceed. Defendant's somewhat ambiguous contention that discovery may "be limited to the resolution of the issue of these Defendant's entitlement to immunity", is unjustified because Defendants have not even created a fact issue concerning their entitlement to immunity at this stage of the proceedings. Plaintiff clearly has pled that he was discharged in retaliation for his membership in, service to, and speech on behalf of the Brownsville Professional Fire Fighters Association, and that the Defendant's stated reason for discharging him was a pretext for retaliation. These facts, accepted as true, sufficiently overcome Defendant's qualified immunity defense at the pleading stage because the right to be free from such retaliation is well-established.

8

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant's Motion to Stay Discovery be denied concurrently with the denial of Defendant's motion to dismiss under Rule 12(b)(6).

Respectfully submitted,

DEATS & LEVY, P.C.

_____
B. Craig Deats
State Bar of Texas No. 05703700
327 Congress Ave., Suite 300
Austin, Texas 78701
(512) 474-6200
FAX (512) 474-7896

CARINHAS & SALDAÑA, L.L.P.
Miguel A. Saldaña
Of Counsel
State Bar of Texas No.: 17529450
Corporate Plaza, Suite 109
302 Kings Highway
Brownsville, Texas 78521
(956) 542-9161
FAX (956) 542-3651

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document has been sent by certified mail-return receipt requested to all Attorneys of Record for Defendants, at the address designated below, on this the 14th day of February, 2000.

J. Arnold Aguilar
LAW OFFICE OF J. ARNOLD AGUILAR
Artemis Square, Suite H-2
1200 Central Blvd.
Brownsville TX 78520

_____
B. Craig Deats

9