United States District Court
Southern District of Texas
FILED

FEB 22 2000

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUSTIN OAKERSON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| CITY OF BROWNSVILLE, | § | B - 99 - 197 |
| ARTURO RODRIGUEZ and | § | |
| CARLOS RUBINSTEIN | § | |

## DEFENDANT CARLOS RUBINSTEIN'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND TO STAY DISCOVERY

TO THE HONORABLE JUDGE OF THE U.S. DISTRICT COURT:

COMES NOW **CARLOS RUBINSTEIN**, Defendant herein, and files this, his reply to Plaintiff's response to Defendant's Motion to Dismiss for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), and Motion to Stay Discovery, pursuant to applicable law, and for cause would respectfully show unto the court the following:

### I.

### MOTION TO DISMISS

Defendant Rubinstein is entitled to qualified immunity herein, because Plaintiff has still failed to establish that the Defendant violated any of Plaintiff's constitutional rights of which a reasonable person would have known. Plaintiff has wholly failed to allege facts establishing a causal link between Plaintiff's purported protected conduct and any discriminatory or wrongful conduct on the part of Defendant *Rubinstein*. In Plaintiff's response he points to associational activities in which he was allegedly involved, but he wholly fails to demonstrate to the court

that Defendant Rubinstein was aware of any such activities. Plaintiff merely contends that *Arturo Rodriguez* "was aware of [Plaintiff's] leadership role in these ongoing organizational activities at the time of [Plaintiff's] termination." See **Plaintiff's Response to Defendant's Motion to Dismiss and to Stay Discovery**, p.4. Plaintiff has made no such allegation regarding Defendant Rubinstein, however. See **Plaintiff's Original Complaint and Jury Demand**. In fact, **Plaintiff's Original Complaint and Jury Demand** contains no allegation, inference, or hint that Defendant Rubinstein had any knowledge of Plaintiff's alleged associational activities. Plaintiff's complaint merely alleges that Defendant Rubinstein knew that Association President Alfredo Christman, a Brownsville Fire Fighter, was involved in union activities, which has no bearing on Plaintiff's termination. Even assuming that Plaintiff's freedom of speech claim can be based upon his "speech and activities" in furtherance of the organization of the Association, Plaintiff has not alleged facts sufficient to demonstrate that Defendant Rubinstein violated any of his First Amendment rights, and therefore, Defendant Rubinstein is entitled to qualified immunity for all of Plaintiff's claims, and this cause should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.

## MOTION TO STAY DISCOVERY

Defendant has requested this court to stay any discovery pending this Court's ruling on Defendant's Motion to Dismiss. No discovery should proceed until this court "first finds that the Plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." ***Wicks v. Mississippi State Employment Services***, 41 F.3d 991, 994 (5th Cir. 1995). Defendant Rubinstein would show the court that Plaintiff has wholly failed to allege

sufficient facts to overcome his defense of qualified immunity, in that Plaintiff has not asserted any facts demonstrating that Defendant Rubinstein was aware of Plaintiff's alleged associational activities or of any connection between the association and Plaintiff, or that Defendant Rubinstein took any retaliatory action against Plaintiff whatsoever.

In the alternative, if this court finds that a fact issue exists and that the issue of Defendant Rubinstein's qualified immunity cannot be determined based solely upon the pleadings, Defendant Rubinstein requests this Court to stay all discovery, except that limited to the issue of qualified immunity herein, until such time as this Court rules on that issue. In this circumstance, Defendant Rubinstein is not immune from all discovery, only that which is "avoidable or overly broad." *Wicks v. Mississippi State Employment Services*, 41 F.3d at 994, quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987). Thus, this Court should issue a discovery order that is "narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Wicks v. Mississippi State Employment Services*, 41 F.3d at 994, quoting *Lion Boulos v. Wilson*, 834 F.2d at 507-08. If, however, the Defendant's assertion of qualified immunity turns purely on a question of law or if the facts upon which the defense of qualified immunity turns are not disputed by the parties, the district court should rule on the Motion to Dismiss without discovery. *Wicks v. Mississippi State Employment Services*, 41 F.3d at 997 n.9. Thus, even if this Court finds that it cannot determine the issue of qualified immunity at this level, this Court should issue an order limiting discovery to the issue of Defendant's Rubinstein's qualified immunity, and in either case, Defendant Rubinstein's Motion to Stay Discovery should be granted.

WHEREFORE, PREMISES CONSIDERED, Defendant **CARLOS RUBINSTEIN** would respectfully request that this court set this matter for hearing and dismiss each of Plaintiff's claims on which Plaintiff has failed to state a cause of action upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), and for such other and further relief to which Defendants may show themselves to be justly entitled, at law and in equity.

Signed on this the 18th day of February, 2000.

Respectfully submitted,

**LAW OFFICE
J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520
Telephone : (956) 504-1100
Facsimile : (956) 504-1408

By: _____
J. Arnold Aguilar
Federal Adm. No. 6822

Kyle Guthrie
Federal Adm. No. 22964

Attorneys for Defendant,
Carlos Rubinstein

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **DEFENDANT CARLOS RUBINSTEIN'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND TO STAY DISCOVERY** has on this the 22nd day of February, 2000, been forwarded via certified mail, return receipt requested to:

Mr. B. Craig Deats
Mr. Scott H. Jenkins
JENKINS & DEATS, P.C.
327 Congress Avenue, Suite 300
Austin, TX 78701

Mr. Miguel A. Saldaña
CARINHAS & SALDAÑA, L.L.P.
302 Kings Highway, Suite 109
Brownsville, TX 78521

J. Arnold Aguilar