*10*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**APR 2 0** 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUSTIN OAKERSON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| CITY OF BROWNSVILLE, | § | B - 99 - 197 |
| ARTURO RODRIGUEZ and | § | |
| CARLOS RUBINSTEIN | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f)
## FEDERAL RULES OF CIVIL PROCEDURE

1.  State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    ANSWER:   Meeting was held telephonically on April 19, 2000, between Craig Deats, attorney for Plaintiff Justin Oakerson and J. Arnold Aguilar, attorney for Defendants City of Brownsville, Texas, Arturo Rodriguez and Carlos Rubinstein.

2.  List the cases related to this one that are pending in any state or federal court with the case number and court.

    ANSWER:   *Joel Ferrell v. City of Brownsville, Arturo Rodriguez and Carlos Rubinstein*, Civil Action No. B-99-062, pending in the Southern District of Texas, Brownsville Division.

3.  Specify the allegation of federal jurisdiction.

    ANSWER:   28 U.S.C. §§1331, 1332 and 1441 (federal question)

V:\FP\PLEADING\99-173.PLN                                      PAGE 1

4.      Name the parties who disagree and the reasons.

      ANSWER:      None.


5.      List anticipated additional parties that should be included, when they can be added, and by whom they were wanted.

      ANSWER:      None at this time.


6.      List anticipate interventions.

      ANSWER:      None at this time.


7.      Describe class-action issues.

      ANSWER:      None.


8.      State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If no, describe the arrangements that have been made to complete the disclosures.

      ANSWER:      The parties have agreed to exchange initial disclosures by May 26, 2000.


9.      Describe the proposed agreed discovery plan, including:

      A.      Responses to all the matters raised in Rule 26(f).

      (1)      What changes should be made in the timing, form, or requirement for disclosures under subdivision (a) or local rule, including a statement as to when disclosures under subdivision (a)(1) were made or will be made.

            ANSWER:      The parties have agreed to exchange initial disclosures by May 26, 2000.

(2)     The subjects on which discovery may be needed, when discovery should be completed and whether discovery should be conducted in phases or be limited to or focused upon particular issues:

ANSWER:     Subjects on which discovery may be needed include actions and efforts by the Brownsville Professional Fire Fighters' Association, the Texas State Association of Fire Fighters, or the International Association of Fire Fighters (hereinafter all referred to as the Association) to organize the Brownsville EMS Employees, to communicate with or otherwise deal with the City of Brownsville and its management regarding its organizational efforts of the Association's EMS members.

The response and attitude on the part of the Defendants regarding the Association's efforts to organize EMS members, to seek payroll dues deductions on their behalf, or any other efforts on the part of Plaintiff, the Association, or anyone affiliated with the Association in this regard.

The response and attitude on the part of the Defendants regarding Joel Ferrell's publication of a newsletter entitled the *EMS Dispatch* in June of 1997.

The response and attitude by the Defendants regarding efforts on the part of Plaintiff and other EMS employees provide medical services at an Annual Fourth of July Picnic conducted by the Association in 1997.

All of the events and circumstances surrounding Plaintiff's promotion to the position of Training Officer, and the basis for the termination of Plaintiff's employment.

The response and attitude by the Defendants regarding Plaintiff's organizing efforts on behalf of the Association.

The applicability and implementation of old and new employment and termination Policies and Procedures of the City of Brownsville.

The standards to be applied to Plaintiff and the EMS employees regarding the imposition of employment sanctions, including but not limited to termination.

The existence of any anti-union animus of Defendants regarding the Association generally, or its efforts to organize the EMS employees.

Whether Defendants expressed any anti-union animus to employees.

Defendants' treatment of other EMS employees who are not part of the Association's organizational efforts or who did not actively engage in organizational efforts, regarding employment sanctions, including but not limited to termination.

Whether the individual Defendants are final policymakers with regards to Plaintiff's termination.

Defendants have filed Motions to Stay Discovery, requesting that discovery be stayed pending resolution of the individual Defendants' claims to qualified immunity. Plaintiff contends that discovery should not be conducted in phases or be limited to or focused upon particular issues other than those raised in Plaintiff's complaint and those set forth above. The parties have agreed, however, that discovery will proceed initially with regard to the individuals' claims of entitlement to qualified immunity, although the witnesses' testimony will be limited only by the Federal Rules of Civil Procedure, rather than strictly to the issue of their entitlement to qualified immunity. The parties have further agreed to complete such initial discovery by July 30, 2000, and that the individual Defendants may then file any appropriate dispositive motions relating to qualified immunity by August 30, 2000.

The parties have further agreed that all remaining discovery may be completed by October 31, 2000, and that any additional dispositive motions may be filed by November 30, 2000.

(3)     What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and,

        ANSWER:     Other than the matters set out in item 2 above, none.

(4)     Any other orders that should be entered by the court under subdivision (c) or under Rule 16(b) and (c).

        ANSWER:     Other than the matters set out herein, none.

B.     When and to whom the plaintiff anticipates it may send interrogatories.

        ANSWER:     Plaintiff anticipates sending interrogatories to Defendants within thirty (30) days after resolution of Defendants' Motion to Dismiss.

V:\FP\PLEADING\99-173.PLN

C.  When and to whom the defendant anticipates it may send interrogatories.

ANSWER:  Defendants anticipate sending interrogatories to Plaintiff within thirty (30) days after resolution of Defendants' Motion to Dismiss.

D.  Of whom and by when the plaintiff anticipates taking oral depositions.

ANSWER:  Plaintiff anticipates taking the depositions of Defendants, the EMS Medical Director, and 4-6 fact witnesses by October 31, 2000.

E.  Of whom and by when the defendant anticipates taking oral depositions.

ANSWER:  Defendants anticipate taking the depositions of Plaintiff Justin Oakerson and other fact witnesses by October 31, 2000.

F.  When the plaintiff (or the party with the burden of proof of an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

ANSWER:  Plaintiff does not anticipate the use of retained experts in this case at this time. If any witnesses are to be named as experts, Plaintiff anticipates being able to do so within sixty (60) days before expiration of the discovery deadline. Defendants anticipate being able to designate experts within thirty (30) days before expiration of the discovery deadline. The parties anticipate the possibility of questioning EMS technicians and paramedics regarding the standard of care and standard operating procedures and medical protocols which may be relevant in this case as well as the implementation and applicability of various standards of procedure and protocols.

To the extent that Defendants elect to designate any expert, it is agreed by counsel that Plaintiff shall designate any like expert within 30 days following receipt of an expert report from Defendants' expert, and that Plaintiff shall provide an expert report to Defendants within 45 days following Plaintiff's receipt of Defendants' expert's report.

G.    List expert depositions the plaintiff (or the party with the burden of proof of an issue) anticipates taking and their anticipate completion date.    See Rule 26(a)(2)(B) (expert report).

      ANSWER:    Plaintiff anticipates taking the depositions of Defendants' experts within 30-days of receipt of Defendants' experts' reports.  Plaintiff does not anticipate the use of retained experts in this case at this time.  Plaintiff does anticipate the possibility that Plaintiff may question EMS technicians and paramedics regarding the standard of care and standard operating procedures and medical protocols which may be relevant in this case as well as the implementation and applicability of various standards of procedure and protocols.  See response to "F" above.

H.    List expert depositions the opposing counsel anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

      ANSWER:    Because Plaintiff does not intend to name any experts at this time, Defendants do not anticipate any expert depositions at this time.


10.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    ANSWER:    The parties are in agreement.


11.    Specify the discovery beyond initial disclosures that has been undertaken to date.

    ANSWER:    None.


12.    State the date the planned discovery can reasonably be completed.

    ANSWER:    October 31, 2000.

13.   Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    ANSWER:    The parties have agreed to consider mediation in the future, if appropriate.


14.   Describe what each party has done or agreed to do to bring about a prompt resolution.

    ANSWER:    The parties have agreed to consider mediation in the future, if appropriate.


15.   From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such technique may be effectively used in this case.

    ANSWER:    The parties have agreed to consider mediation in the future, if appropriate.


16.   Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

    ANSWER:    The parties are not in agreement to trial before a magistrate judge at this time.


17.   State whether a jury demand has been made and if it was made on time.

    ANSWER:    Plaintiff and Defendants timely filed jury demands.


18.   Specify the number of hours it will take to present the evidence of this case.

    ANSWER:    The parties anticipate it should take 32 hours to present the evidence in this case.

19.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.

      ANSWER:   (1)   Defendants' Motion to Dismiss; and,
                     (2)   Defendants' Motion to Stay Discovery.


20.    List other motions pending.

      ANSWER:   None.


21.    Indicate other matters peculiar to this case, including discovery, that deserves the special attention of the court at the conference.

      ANSWER:   None.


22.    List the names, bar numbers, addresses and telephone numbers of all counsel.

      ANSWER:   B. Craig Deats
                   State Bar No. 05703700
                   Federal Adm. No. 6369

                   DEATS & LEVY, P.C.
                   327 Congress Avenue, Suite 300
                   Austin, TX 78701
                   Telephone   :  (512) 474-6200
                   Facsimile   :  (512) 474-7896


                   Miguel A. Saldana
                   State Bar No. 17529450
                   Federal Adm. No. 10954

                   LAW OFFICE OF MIGUEL SALDANA
                   302 Kings Highway, Suite 109
                   Brownsville, TX 78521
                   Telephone   :  (956) 541-6555
                   Facsimile   :  (956) 542-3651

J. Arnold Aguilar
State Bar No. 00936270
Federal Adm. No. 6822

Kyle Guthrie
State Bar No. 00792001
Federal Adm. 22964

LAW OFFICE J. ARNOLD AGUILAR
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, TX  78520
Telephone      :  (956) 504-1100
Facsimile      :  (956) 504-1408


_____          _____
B. Craig Deats,                    Date
Counsel for Plaintiff
JUSTIN OAKERSON


_____          _____
Miguel Saldaña,                    Date
Counsel for Plaintiff
JUSTIN OAKERSON


_____          _____
J. Arnold Aguilar,                 Date
Counsel for Defendants
CITY OF BROWNSVILLE, ARTURO
RODRIGUEZ and CARLOS RUBINSTEIN


_____          _____
Kyle Guthrie,                      Date
Counsel for Defendants
CITY OF BROWNSVILLE, ARTURO
RODRIGUEZ and CARLOS RUBINSTEIN


V:\FP\PLEADING\99-173.PLN                                    PAGE 9