16

United States District Court
Southern District of Texas
FILED

MAY 0 5 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUSTIN OAKERSON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| CITY OF BROWNSVILLE, | § | B - 99 - 197 |
| ARTURO RODRIGUEZ and | § | |
| CARLOS RUBINSTEIN | § | |

### DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

COME NOW **CITY OF BROWNSVILLE, ARTURO RODIRGUEZ**, and **CARLOS RUBINSTEIN**, Defendants in the above styled and numbered action, and file this, their Original Answer to Plaintiff's Original Complaint, and for such answer would respectfully show unto the Court the following:

1. Defendants admit that Plaintiff has filed this action alleging the matters contained in Paragraph 1 of Plaintiff's Original Complaint. Defendants deny each and every other allegation contained in Paragraph 1 of Plaintiff's Original Complaint.

2. Defendants admit that Justin Oakerson is a former employee of the City of Brownsville Emergency Medical Services department. Defendants are without sufficient information to admit or deny each and every other allegation contained in Paragraph 2 of Plaintiff's Original Complaint.

3. Defendants admit each and every allegation contained in Paragraphs 3 through 6 of Plaintiff's Original Complaint.

4. Defendants admit that Plaintiff began employment with the Brownsville Emergency Medical Services Department in 1995. Defendants further admit that Plaintiff's employment was terminated effective June 22, 1999. Defendants deny each and every other allegation contained in Paragraph 7 of Plaintiff's Original Complaint.

5. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Original Complaint.

6. Defendants admit that Alfredo Christman requested, and that EMS employees were not allowed, a payroll dues deduction. Defendants are without sufficient information to admit or deny each and every other allegation contained in Paragraph 9 of Plaintiff's Original Complaint.

7. Defendants deny that Defendant Rodriguez had seen or was concerned about the "EMS Dispatch" newsletter as alleged in Paragraph 10 of Plaintiff's Original Complaint. Defendants deny that the newsletter criticized Defendant Rubinstein's decision to disallow the payroll dues deductions. Defendants admit that Plaintiff's name is stated in the "EMS Dispatch," but Defendants deny that the newsletter identifies Plaintiff as "the person to contact with questions about the organizational effort." Defendants are without sufficient information to admit or deny each and every other allegation contained in Paragraph 10 of Plaintiff's Original Complaint.

8. Defendants admit that several EMS employees volunteered to provide medical services for a Brownsville Fire Fighters Association picnic and that Defendant Rodriguez w a memorandum discussing EMS employees volunteering their services for suc Defendants further admit that the memorandum reads "it has come to m several members under the mistaken perception they belong

volunteered to provide medical services on June 29, 1997," and that Defendant City only recognizes the Fire Fighters' and Police Officers' unions. Defendants deny the memo threatens disciplinary actions against EMS employees who provide EMS stand-by at the picnic without prior authorization by the EMS department. Defendants are without sufficient information to admit or deny each and every other allegation contained in Paragraph 11 of Plaintiff's Original Complaint.

9. Defendants deny that Defendant Rodriguez erased the word "union" written on a chalk board at EMS station No. 1. Defendants further deny that Defendant Rodriguez asked two employees about the word written on the board or stated that there would never be a union in Brownsville EMS. Defendants are without sufficient information to admit or deny each and every other allegation contained in Paragraph 12 of Plaintiff's Original Complaint.

10. Defendants admit the allegations contained in the first sentence of Paragraph 13 of Plaintiff's Original Complaint. Defendants are without sufficient information to admit or deny the allegations contained in the second sentence of Paragraph 13 of Plaintiff's Original Complaint. Defendants deny that Joel Ferrell correctly followed all protocols and standard operating procedures, and Defendants deny each and every other allegation contained in the third sentence of Paragraph 13 of Plaintiff's Original Complaint. Defendants admit the allegations in the fourth sentence of Paragraph 13 of Plaintiff's Original Complaint. Defendants admit that Mr. Ferrell's employment was terminated by Defendant Rodriguez on November 21, 1997, after pre-disciplinary hearings. Defendants deny each and every other allegation contained in the fifth sentence of Paragraph 13 of Plaintiff's Original Complaint. Defendants admit the

sufficient information to admit or deny the other allegations contained in Paragraph 15 of Plaintiff's Original Complaint.

13. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Original Complaint.

14. Defendants admit that Plaintiff received a negative evaluation from EMS Assistant Director Jeff Johnston. Defendants deny that Plaintiff received an informal reprimand from Defendant Rodriguez "concerning employee complaints raised at the meeting with the mayor." Defendants are without sufficient information to admit or deny each and every other allegation contained in Paragraph 17 of Plaintiff's Original Compliant.

15. Defendants admit that a new fire station was opened in April or May 1999. Defendants are without sufficient information to admit or deny each and every allegation contained in Paragraph 18 of Plaintiff's Original Complaint.

16. Defendants admit that EMS employee Bryan Chandler was assigned to a unit with Defendant Rodriguez for a short time. Defendants deny each and every other allegation contained in Paragraph 19 of Plaintiff's Original Complaint.

17. Defendants are without sufficient information to admit or deny the allegations contained in the first two sentences of Paragraph 20 of Plaintiff's Original Compliant. Defendants admit that Defendant Rodriguez met with Plaintiff in his office on June 22, 1999. Defendants deny each and every other allegation contained in the third sentence of Paragraph 20 of Plaintiff's Original Complaint. Defendants admit that Plaintiff was terminated because he failed to successfully complete his probation as training officer, as alleged in the fourth sentence of Paragraph 20 of Plaintiff's Original Complaint. Defendants deny that Defendant Rodriguez knew that Plaintiff was a leader in

organizing Brownsville EMS employees for the association. Defendants are without sufficient information to admit or deny whether Plaintiff was a leader in organizing Brownsville EMS employees for the association, as alleged in the fifth sentence of Paragraph 20 of Plaintiff's Original Complaint. Defendants admit that Plaintiff's performance as a training officer was unsatisfactory. Defendants are without sufficient information to admit or deny the other allegations contained in the sixth sentence of Paragraph 20 of Plaintiff's Original Complaint. Defendants deny the allegations contained in the seventh sentence of Plaintiff's Original Complaint. Defendants admit the allegations contained in the last sentence of Paragraph 20 of Plaintiff's Original Complaint.

18. Defendants admit that as a probationary employee Plaintiff was not provided with a hearing to appeal his termination by Defendant Rodriguez. Defendants are without sufficient information to admit or deny the other allegations contained in Paragraph 21 of Plaintiff's Original Complaint.

19. Defendants are without sufficient information to admit or deny each and every allegation contained in Paragraph 22 of Plaintiff's Original Compliant.

20. Defendants acknowledge the incorporation by reference of the first 22 paragraphs of Plaintiff's Original Complaint within Paragraph 23 of such Complaint. Defendants hereby incorporate their previous responses to Paragraphs 1 through 22 by reference. Defendants admit that Plaintiff has brought this lawsuit as alleged in the second sentence of Paragraph 23 of Plaintiff's Original Complaint. Defendants deny that they are liable to Plaintiff, however.

21. Defendants admit that Defendant Rodriguez terminated Plaintiff's employment. Defendants deny each and every other allegation contained in Paragraph 24 of Plaintiff's Original Complaint.

22. Defendants admit that Defendant Rubinstein denied Plaintiff a hearing to appeal his termination. Defendants are without sufficient information to admit or deny whether Defendant Rubinstein is a policymaking official on those matters over which Plaintiff appears to complain. Defendants deny each and every other allegation contained in Paragraph 25 of Plaintiff's Original Complaint.

23. Defendants deny each and every allegation contained in Paragraph 26 of Plaintiff's Original Complaint.

24. Defendant deny each every allegation contained in Paragraph 27 of Plaintiff's Original Complaint.

25. Defendants acknowledge the incorporation by reference of Paragraphs 1-27 into Paragraph 28 of Plaintiff's Original Complaint. Defendants hereby incorporate their previous responses to Paragraphs 1 through 27 by reference.

26. Defendants deny each and every allegation contained in Paragraphs 29 and 30 of Plaintiff's Original Complaint. Defendants further deny that Plaintiff is entitled, factually or legally, to the relief requested therein.

27. Defendants deny each and every allegation contained in Plaintiff's "PRAYER FOR RELIEF" contained in Plaintiff's Original Complaint. Defendants further deny that Plaintiff is entitled, factually or legally, to the relief requested therein.

## AFFIRMATIVE DEFENSES

28. Plaintiff cannot recover, directly or indirectly, from Defendant City of Brownsville because of the doctrine of sovereign immunity.

29. Plaintiff cannot recover, directly or indirectly, from Defendants Rodriguez and Rubinstein, because they are entitled to qualified immunity for all of the conduct complained of by Plaintiff herein;

30. Defendants would further show that the claims against Defendant Arturo Rodriguez in his Official Capacity and Defendant Carlos Rubinstein in his Official Capacity are in reality claims against the City of Brownsville, Texas, and therefore are redundant and should be dismissed by the Court.

31. Any loss or damage sustained by the Plaintiff at the time, place, and occasion alleged in Plaintiff's pleadings was caused in whole or in part, or contributed to, by the actions of Plaintiff, and not by the actions or negligence or fault or want of care on the part of Defendants, and Defendants would hereby invoke the doctrine of comprative responsibility;

32. In the alternative, Defendants would show that the Plaintiff's injuries and damages alleged, if any so existed, were caused in whole or in part or contributed to, by the actions, negligence, fault, or want of care of parties, persons or instrumentalities over whom Defendants exercised no control and for whose acts Defendants are not under the law responsible.

33. Defendants would have terminated Plaintiff's employment even in the absence of his allegedly protected conduct.

## JURY DEMAND

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT** has on this the 5th day of May, 2000, been forwarded via certified mail, return receipt requested to:

Mr. B. Craig Deats
DEATS & LEVY, P.C.
327 Congress Avenue, Suite 300
Austin, TX 78701

Mr. Miguel A. Saldaña
LAW OFFICE OF MIGUEL A. SALDAÑA
302 Kings Highway, Suite 109
Brownsville, TX 78521

_____
J. Arnold Aguilar