IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
ENTERED

NOV 2 0 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk O. N. Aldape

| | | |
|---|---|---|
| Oakerson, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-99-197 |
| City of Brownsville, Texas, et al, | § § § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED, that on November 17, 2000, the Court **VACATED** its earlier ruling denying the Plaintiff's Motion to Consolidate [Dkt. No. 14]. The Court will delay ruling on the Plaintiff's Motion to Consolidate [Dkt. No. 8] until it has conducted an evidentiary hearing to determine the admissibility of the Parties' proposed Rule 404(b) evidence in the present proceeding and in *Ferrell v. City of Brownsville, et al.* [Civil Action Number 99-62]. The Parties should be prepared to discuss any issues regarding consolidation and the admissibility of Rule 404(b) acts or statements, that have not already been brought to the Court's attention, at the hearing set for Tuesday, November 21, 2000, for *Ferrell v. City of Brownsville, et al.* [Civil Action Number 99-62]. Normally, the Court would not schedule a hearing with on such short notice, however, since the same attorneys represent the Parties in this case and in *Ferrell v. City of Brownsville, et al.,* a joint hearing should not inconvenience counsel.

When the Court ruled on the Plaintiff's Motion to Consolidate [Dkt. No. 8] earlier this year, the record was not sufficiently developed to allow for an informed determination of the admissibility of extrinsic acts or statements pursuant to Federal Rule of Evidence 404(b). The Court finds that it is now prudent to hold a full evidentiary hearing to resolve all remaining Rule 404(b) issues, including whether the evidence in this case is admissible in its companion case, *Ferrell v. City of Brownsville, et al.* [Civil Action Number 99-62], and

1

19

vice versa. A district court has plenary power to reconsider, revise, alter, or amend interlocutory orders, such as orders denying consolidation. See <u>Lavespere v. Niagara Mach. & Tool Works, Inc.</u>, 910 F.2d 167, 185 (5th Cir.1990); <u>Gallimore v. Missouri Pac. R. Co.</u>, 635 F.2d 1165, 1171 (5th Cir. 1981). After holding an evidentiary hearing and deciding all Rule 404(b) issues, the Court will then rule on the Plaintiff's Motion to Consolidate [Dkt. No. 8].

DONE, at Brownsville, Texas, this 20 day of November 2000.

_____
Hilda G. Tagle
United States District Judge

2