24

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 2 0 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JUSTIN OAKERSON, | § |
| Plaintiff, | § § § |
| v. | § § |
| CITY OF BROWNSVILLE, ARTURO RODRIGUEZ, and CARLOS RUBINSTEIN, | § § § § |
| Defendants. | § |

CIVIL ACTION NO. B-99-197

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE THE INDIVIDUAL DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Justin Oakerson opposes the "Defendants' Motion for Leave to File Defendants' Motions for Summary Judgment" (Defendants' Motion) filed by individual Defendants Arturo Rodriguez and Carlos Rubinstein. The individual Defendants seek, without justification, to file motions for summary judgment based on qualified immunity three months to the day after the agreed deadline. Plaintiff opposes the motion for the following reasons.

## I. FACTUAL BACKGROUND

On April 27, 2000, the Court signed an "Agreed Order on Initial Defense Motions." The Agreed Order is attached to Defendants' Motion as Exhibit A. The order requires completion of initial discovery by July 30, 2000; the filing of dispositive motions relating to qualified immunity by August 30, 2000; completion of remaining discovery by October 31, 2000; and the filing of additional dispositive motions by November 30, 2000.

On May 17, 2000, some three weeks after entry of the Agreed Order, the Court used its standard form to enter a Scheduling Order. The Scheduling Order is attached to Defendants'

1

Motion as Exhibit B. The standard form provides single blanks for discovery and dispositive motion deadlines. The Court completed these blanks with the October 31 and November 30 deadlines from the Agreed Order. The deadlines for discovery and dispositive motions on the qualified immunity issue were not mentioned.

On September 1, 2000, two days after the deadline for dispositive motions on qualified immunity, Defendants' attorney telephoned Plaintiff's attorney to discuss whether Plaintiff's attorney would oppose a requested extension of the deadline for qualified immunity motions. Plaintiff's attorney indicated he would not oppose a reasonable extension, especially in light of the fact that he had several written submissions due in other cases during the early part of September. However, Defendants' attorney never filed a motion seeking an extension during the next three months, and Plaintiff's attorney reasonably assumed that the individual Defendants had abandoned their plan to defend on the basis of qualified immunity rather than on the merits. See Affidavit of B. Craig Deats, attached hereto as Exhibit 1.

## II. ARGUMENT

In their motion, the individual Defendants contend that the May 18, 2000 Scheduling Order extended the August 30, 2000 deadline for dispositive motions as to qualified immunity until November 30, 2000. This seems a bit disingenuous. Plaintiff's counsel understood the original August 30 date to unaffected by the Scheduling Order. Defendants' counsel seems to have shared this perception, since he telephoned Plaintiff's counsel on September 1 to learn whether Plaintiff's counsel would oppose a reasonable extension.

Plaintiff's counsel does not routinely oppose reasonable motions to extend deadlines. Plaintiff's counsel readily agreed to extend the discovery deadline in this case from October 31 to December 21 to accommodate Defendants' desire to depose Plaintiff out-of-time. Plaintiff's counsel opposes extension motions only when harm to Plaintiff's position seems apparent.

2

Defendants' motion to extend the qualified immunity deadline by three months creates a risk of such harm. Should the Court grant the individual Defendants' motion and consider the qualified immunity issue at this late stage of the proceedings, the result may be to greatly delay the ultimate trial of this case especially if the individual Defendants file an interlocutory appeal on the qualified immunity issue. The Court and parties were well aware of the qualified immunity issues in this case, having dealt with near identical issues in a related case, *Ferrell v. City of Brownsville, et al.* In the absence of any reasonable explanation for Defendants' failure to file timely motions, an extension simply is not warranted and indeed is harmful to Plaintiff.

On the other hand, refusing to consider the individual Defendants' late-filed motions for summary judgment on the basis of qualified immunity does not preclude litigation of the City's summary judgment motion on the merits. The primary benefit of litigating the qualified immunity issue early in a case is to avoid the expense and burden of discovery if the public official is entitled to qualified immunity. Since discovery in this case already has occurred, the value of a ruling on the qualified immunity issue for the Defendants no longer exists. Thus, the balancing of equities favors the Court's denial Defendants' untimely request for an extension.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion for Leave to File Defendants' Motion for Summary Judgment be denied.

3

ClibPDF - www.fastio.com

Respectfully submitted,

DEATS & LEVY, P.C.

*(signature)*

B. Craig Deats
State Bar of Texas No. 05703700 Fed ID 6369
327 Congress Ave., Suite 300
Austin, Texas 78701
(512) 474-6200
FAX (512) 474-7896

Miguel A. Saldaña
LAW OFFICES OF MIGUEL A. SALDAÑA
State Bar of Texas No.: 17529450 Fed. ID 10954
Corporate Plaza, Suite 109
302 Kings Highway
Brownsville, Texas 78521
(956) 542-9161
FAX (956) 542-3651

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document has been sent by hand delivery to the attorney for Defendants, J. Arnold Aguilar, LAW OFFICE OF J. ARNOLD AGUILAR, Artemis Square, Suite H-2, 1200 Central Blvd., Brownsville Texas 78520, on this 20th day of December, 2000.

*(signature)*
Miguel A. Saldaña

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUSTIN OAKERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. B-99-197 |
| CITY OF BROWNSVILLE, | § | |
| ARTURO RODRIGUEZ, and | § | |
| CARLOS RUBINSTEIN, | § | |
| | § | |
| Defendants. | § | |

## AFFIDAVIT OF B. CRAIG DEATS

BEFORE ME, the undersigned authority, personally appeared B. Craig Deats, who, being duly sworn, upon his oath stated the following:

1. My name is B. Craig Deats. I am over the age of 21 years. I have never been convicted of a felony. I am of sound mind and fully competent to make this affidavit, having personal knowledge of the facts stated herein, which are all true and correct.

2. I am a shareholder in the law firm of Deats & Levy, P.C., 327 Congress Avenue, Suite 300, Austin, Texas 78701, and I am counsel of record for Plaintiff in the above-styled and numbered action.

3. As counsel of record for Plaintiff, I had a telephone conversation with Defendants' attorney, Arnold Aguilar, on or about September 1, 2000. In that conversation, Mr. Aguilar asked if I would oppose a request for a reasonable extension of the August 30, 2000 deadline for dispositive motions as to qualified immunity. I replied that I had several written submissions due in other cases in early September and would not oppose a request for a reasonable extension. At no point did Mr. Aguilar indicate to me that he felt the August 30 deadline had been modified by the Court's May 17, 2000 Scheduling Order, or that he

contemplated filing a motion to extend the deadline three months after the original August 30 date. We did not discuss, nor did I contemplate, that Mr. Aguilar would seek a three month extension of time. As time passed and no motion was filed, I assumed he had decided to defend the case on the merits rather than qualified immunity.

4.   I have read the foregoing affidavit consisting of two pages, including this page, and swear that the statements made herein are true and correct and based on my personal knowledge.

FURTHER THE AFFIANT SAYETH NOT.

_B. S. Deats_
B. Craig Deats
State Bar No. 05703700

SWORN TO AND SUBSCRIBED before me the undersigned notary public by the aforesaid B. Craig Deats on this _20th_ day of December, 2000, to certify which witness my hand and seal of office.

[Notary Seal: ELISE L. MORRISON, Notary Public, State of Texas, My Commission Expires DEC. 13, 2001]

_Elise L. Morrison_
Notary Public in and for
The State of Texas

My commission expires: _12-13-01_

2