33

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United
Southern District of Texas
FILED

FEB 2 2 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JUSTIN OAKERSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CA NO. B-99-197 |
| CITY OF BROWNSVILLE, § | |
| ARTURO RODRIGUEZ, and § | JURY REQUESTED |
| CARLOS RUBINSTEIN, § | |
| § | |
| Defendants. § | |

## JOINT MEMORANDUM DESCRIBING RULE 404(b) EVIDENCE SOUGHT TO BE ADMITTED BY THE PARTIES

Plaintiff Justin Oakerson and Defendants City of Brownsville, Arturo Rodriguez, and Carlos Rubinstein submit this Joint Memorandum as directed by the Court's Order signed November 21, 2000. This submission lists and provides a brief description of all evidence potentially implicating Federal Rule of Evidence (FRE) 404(b) that the parties seek to admit in this case. As to each item listed, the Memorandum also indicates whether the opposing party opposes the admission of the evidence.

I.   **Plaintiff's Proposed Rule 404(b) Evidence.**

Listed below is the evidence that Plaintiff seeks to introduce at trial which potentially implicates Rule 404(b). **Please note:** Plaintiff contends that all of the below-listed evidence primarily is admissible as direct evidence of Defendants' retaliatory intent, and therefore is admissible without resort to analysis under Rules 404(a) and 404(b). However, should the Court conclude that the evidence constitutes character evidence generally inadmissible under Rule 404(a), then Plaintiff contends alternatively that the evidence is admissible under Rule 404(b) as proof concerning Defendants' intent in terminating Plaintiff's employment.

1

The evidence is categorized by witness. Beneath the name of each witness is listed the witness's anticipated testimony; exhibits to be introduced through the witness; the basis upon which Plaintiff claims the evidence is admissible under Rule 404(b); and whether Defendants oppose admission of the proffered evidence. Please note: Not all testimony and exhibits sought to be elicited from the listed witnesses is discussed. This submission is limited to evidence which Plaintiff may seek to admit under Rule 404(b).

A.  **Joel Ferrell**

1.  **Testimony** – Mr. Ferrell will testify concerning his own organizing activities on behalf of the Brownsville Professional Fire Fighters Association (BFFA) and his belief that he was discharged because of his union activities.

2.  **Documents** – It is not anticipated that Plaintiff will desire to introduce any Rule 404(b) documents through Mr. Ferrell. However, should such be necessary to rebut evidence elicited by Defendants, Plaintiff may introduce through Mr. Ferrell exhibits from Plaintiff's Exhibit List submitted for *Ferrell v. City of Brownsville*.

3.  **Basis for Admission** – Plaintiff contends that this evidence of treatment of similarly situated employees is admissible under Rule 404(b) to demonstrate Defendants' intent in discharging Mr. Oakerson.

4.  **Defendants' Position** – Defendants oppose admission of the proffered testimony.

B.  **Bryan Chandler**

1.  **Testimony** – Mr. Chandler will testify by videotaped deposition concerning a conversation he had with Defendant Rodriguez in the Spring of 1999. In that conversation, during which the two were alone, Mr. Rodriguez asked Mr. Chandler if he

2

belonged to the Union. When Mr. Chandler replied no, Mr. Rodriguez told him it would be a bad career move to join the Union, and disparaged the Union and its ability to help EMS employees.

    2.    **Documents** – Plaintiff does not anticipate entering any documents into evidence through Mr. Chandler.

    3.    **Basis for Admission** – Plaintiff contends the proffered is admissible under Rule 404(b) as demonstrating Defendants' motive and intent in discharging Mr. Ferrell.

    4.    **Defendants' Position** – Defendants oppose admission of the proffered evidence.

    C.    **Reynaldo Rosales**

    1.    **Testimony** – Mr. Rosales was Mr. Ferrell's partner the night Mr. Ferrell engaged in the conduct upon which Defendants allegedly based his discharge. Mr. Rosales will testify that he was questioned only about Plaintiff's actions on the night in question, and was not questioned in any way concerning his own actions or lack of action, despite the fact that under Brownsville EMS Standard Operating Procedures he was equally responsible for treatment of the patient.

    2.    **Documents** – Plaintiff does not anticipate introducing any documents through Mr. Rosales.

    3.    **Basis for Admission** – The proffered evidence goes to the issue of Defendants' intent in discharging Mr. Oakerson.

    4.    **Defendants' Position** – Defendants oppose admission of the proffered evidence.

    D.    **Reynaldo Gil**

    1.    **Testimony** – Mr. Gil will testify concerning an incident in the Summer of 1997 that involved Defendant Rodriguez, fellow employee Fermin Casarez, and Mr. Gil. He is

3

expected to testify that Mr. Rodriguez entered a break room where someone had written the word "Union" on the chalkboard. Mr. Rodriguez demanded to know who had written the word and erased it. He said in a threatening tone, "There will never be a union in the Brownsville EMS."

    2.    **Documents** – Plaintiff does not anticipate introducing any documents into evidence through Mr. Gil.

    3.    **Basis for Admission** – The proffered evidence is relevant to Defendants' intent in discharging Mr. Oakerson.

    4.    **Defendants' Position** – Defendants oppose admission of the proffered evidence.

    E.    **Fermin Casarez**

    1.    **Testimony** – Mr. Casarez will testify concerning an incident in the Summer of 1997 that involved Defendant Rodriguez, fellow employee Reynaldo Gil, and Mr. Casarez. He is expected to testify that Mr. Rodriguez entered a break room where someone had written the word "Union" on the chalkboard. Mr. Rodriguez demanded to know who had written the word and erased it. He said in a threatening tone, "There will never be a union in the Brownsville EMS."

    2.    **Documents** – Plaintiff does not anticipate introducing any documents into evidence through Mr. Casarez.

    3.    **Basis for Admission** – The proffered evidence is relevant to Defendants' intent in discharging Mr. Oakerson.

    4.    **Defendants' Position** – Defendants oppose admission of the proffered evidence.

F.   **Carlos Elizondo**

1.   **Testimony** – Mr. Elizondo is expected to testify to an interview he had with Defendant Rodriguez immediately prior to his hiring in May 1997. During the interview, Mr. Rodriguez told Mr. Elizondo that he could not belong to the Union if he was going to work for Brownsville EMS. Mr. Elizondo will also testify that Mr. Rodriguez made comments indicating that he also intended to get rid of some current employees who were involved with the Union.

2.   **Documents** – Plaintiff does not anticipate introducing any documents through Mr. Elizondo.

3.   **Basis for Admission** – Plaintiff contends the proffered testimony is relevant to the issue of Defendants' intent in discharging Mr. Oakerson.

4.   **Defendants' Position** – Defendants oppose admission of the proffered testimony.

G.   **Alfredo Christman**

1.   **Testimony** – Mr. Christman is and was at relevant times the President of the BFFA. He will testify concerning Defendant Rubinstein's refusal to allow dues deduction for BEMS employees who were BFFA members, although such deductions are allowed for fire fighters who belong to the Union. He will testify concerning Mr. Rodriguez's refusal to allow BEMS employees to provide standby EMS service at the BFFA's Independence Day Picnic, and the fact that Mr. Rodriguez indicated he already was aware that the Union was attempting to organize the BEMS at that time.

2.   **Documents** – Plaintiff does not anticipate attempting to introduce any documents through Mr. Christman.

3.   **Basis for Admission** – The proffered evidence is relevant to Defendants' intent in discharging Mr. Oakerson and also is relevant concerning Defendant Rodriguez's knowledge concerning the Union organizing effort.

5

4.   **Defendants' Position** – Defendants oppose admission of the proffered testimony.

H.   **Arturo Rodriguez**

1.   **Testimony** – Mr. Rodriguez was at all relevant times the BEMS Director and is an individual Defendant. He will testify concerning the fact that he failed to discharge Rigoberto Bocanegra, a BEMS employee who failed his probationary period. He will be asked to explain the disparity of treatment from that of Mr. Oakerson, whom Rodriguez terminated for alleged failure of his probationary period. He will be questioned regarding his decision to terminate Joel Ferrell, a union organizer, whom Mr. Rodriguez alleges engaged in misconduct warranting termination. He will be questioned regarding a June 18, 1997 memorandum to all BEMS personnel in which he informed them they were mistaken if they believed they belonged to a union.

2.   **Documents** – Plaintiff will introduce through Mr. Rodriguez the June 18, 1997 memorandum to BEMS personnel, which is listed as Plaintiff's Exhibit 3 in Plaintiff's Exhibit List.

3.   **Basis for Admission** – The proffered evidence is relevant to the issue of Defendants' intent in discharging Mr. Oakerson.

4.   **Defendants' Position** – Defendants oppose the admission of this evidence.

I.   **Mike Higgins**

1.   **Testimony** – Mr. Higgins is a Service Director for the Texas State Association of Fire Fighters, of which the BFFA is a member. Mr. Higgins will testify concerning a conversation with the Brownsville mayor in which the mayor warned him that Defendant

Rubinstein, who was not yet present at their meeting, would leave if Mr. Higgins attempted to discuss the BFFA's efforts to organize BEMS employees.

2. **Documents** – None.

3. **Basis for Admission** – The proffered testimony is relevant concerning Defendants' intent in discharging Mr. Oakerson and is relevant in establishing Mr. Rubinstein's knowledge of the BFFA effort to organize BEMS employees.

4. **Defendants' Position** – Defendants oppose admission of the proffered testimony.

II. **Defendants' Proposed Rule 404(b) Evidence.**

Unless the Court authorizes testimony relating to Joel Ferrell's termination in this action, Defendants do not have any Rule 404(b) documents that they would seek to admit in this action. In the event the Court authorizes testimony relating to Mr. Ferrell's termination in this action, Defendants would seek to admit the sixty-eight (68) exhibits listed in Defendants' Exhibit List in the Ferrell lawsuit. Civil Action No. B-99-062, including Exhibits 26a-26bb, reports reflecting Ferrell's history of inadequate EMS performance.

**Plaintiff's Position** - Plaintiff opposes admission of exhibits offered for the purpose of demonstrating alleged inadequate performance by Mr. Ferrell on occasions other than the incident upon which Defendant Rodriguez allegedly based the termination decision.

A. **Witness Alfredo Christman.**

Defendants propose that Mr. Christman be allowed to provide testimony pursuant to Rule 404(b) on the following evidence in this action:

(a) That he was able to work closely and cooperatively with Carlos Rubinstein;

7

  (b) That Carlos Rubinstein represented the City of Brownsville adequately and fairly during union negotiations;

  (c) That it is his opinion that Carlos Rubinstein did not hold an anti-union animus;

  (d) The procedure to request standby EMS service is to request such in writing through the EMS Director.

  (e) Standby EMS services were provided for BFFA's pre-Fourth of July picnic in 1997.

**Plaintiff's Position** - Plaintiff does not oppose admission of Defendants' proposed evidence from Mr. Christman.

**B. Ferrell Witnesses.**

It is further anticipated that in the event Joel Ferrell is allowed to testify as to the basis or circumstances surrounding his termination in this action, Defendants would anticipate calling each of the witnesses listed in the Ferrell lawsuit, Civil Action No. B-99-062, to establish the proper basis for the termination of Mr. Ferrell. Those witnesses and their anticipated testimony are described in Defendants' Witness List filed in that action. The portion of the evidence that may be characterized as Rule 404(b) evidence in the Ferrell lawsuit is also discussed in the Joint Memorandum Describing Rule 404(b) Evidence Sought to Be Admitted by the Parties which was submitted in the Ferrell case.

**Plaintiff's Position** - Plaintiff's position on the admissibility of the Rule 404(b) testimony from the Ferrell case is described in the Joint Memorandum Describing Rule 404(b) Evidence Sought to Be Admitted by the Parties which was filed in the Ferrell case. Plaintiff opposes admission of testimony offered for the purpose of demonstrating alleged inadequate performance by Mr. Ferrell on occasions other than the incident upon which Defendant

Rodriguez allegedly based the termination decision or concerning a grievance previously filed by Mr. Ferrell.

### III.   Appendices.

Attached hereto for ease of reference are the following documents:

Appendix 1 – Plaintiff's Witness List
Appendix 2 – Defendants' Witness List
Appendix 3 – Plaintiff's Exhibit List
Appendix 4 – Defendants' Exhibit List

Respectfully submitted,

DEATS & LEVY, P.C.

*B. Craig Deats by permission*

B. Craig Deats
Fed. Adm. No. 6369
TBN: 05703700
327 Congress Avenue, Suite 300
Austin, Texas 78701
(512) 474-6200
FAX (512) 474-7896

LAW OFFICES OF MIGUEL A. SALDAÑA

Miguel A. Saldaña
Fed. Adm. No. 10954
TBN: 17529450
Corporate Plaza, Suite 109
302 Kings Highway
Brownsville, Texas 78521
(956) 542-9161
FAX (956) 542-3651

Attorneys for Plaintiff

9

LAW OFFICE J. ARNOLD AGUILAR

_____
J. Arnold Aguilar
Federal Adm. No. 6822
TBN: 00936270
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520
(956) 504-1100
FAX (956) 504-1408

Attorneys for Defendants

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing pleading was sent to the attorney of record for Defendants, J. Arnold Aguilar, Law Office of J. Arnold Aguilar, Artemis Square, Suite H-2, 1200 Central Blvd., Brownsville Texas 78520, FAX (956) 504-1408, by hand delivery on this 22nd day of February, 2001.

_____
Miguel A. Saldaña

10