34

United States District Court
Southern District of Texas
FILED

FEB 2 2 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOEL FERRELL, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. B-99-062 |
| CITY OF BROWNSVILLE, ARTURO RODRIGUEZ, and CARLOS RUBINSTEIN, | § § § § | JURY REQUESTED |
| Defendants. | § | |

| | | |
|---|---|---|
| JUSTIN OAKERSON, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-99-197 |
| CITY OF BROWNSVILLE, ARTURO RODRIGUEZ, and CARLOS RUBINSTEIN, | § § § § | JURY REQUESTED |
| Defendants. | § | |

## JOINT MEMORANDUM REGARDING RECOMMENDATIONS FOR PROCEDURE AT THE APRIL 10, 2001 MOTIONS HEARING

Come now Joel Ferrell and Justin Oakerson, Plaintiffs in the above-styled and numbered cases, and the City of Brownsville, Arturo Rodriguez and Carlos Rubinstein, Defendants therein, and respectfully file this memorandum setting forth the parties' suggestions for the procedure to be utilized by the Court at the motions hearing presently scheduled for April 10, 2001.

I.   **Procedure Suggested by Plaintiffs.**

There are several motions and evidentiary questions pending before the Court which Plaintiffs anticipate will be addressed at the April 10 motions hearing. Plaintiffs have listed in

1

Section I.A below their suggested order for the hearing of the various motions and evidentiary matters. Listed in Section I.B below is Plaintiffs' suggested order for hearing the evidentiary matters.

    **A.**    **Plaintiffs' Suggested Order for Hearing All Matters Before the Court.**

Plaintiffs suggest that the matters before the Court at the April 10, 2001 motions hearing be addressed in the following sequence.

    1.    All evidentiary matters to be decided in both the *Ferrell* and *Oakerson* cases. [The suggested order for hearing evidentiary matters is set forth in Section B below.]

    2.    Defendant Rubinstein's Motion for Summary Judgment Based on Qualified Immunity [*Ferrell*]

    3.    Defendant City's Motion for Summary Judgment [*Ferrell*]

    4.    Defendant Rodriguez's and Rubinstein's Motion for Leave to File Defendants' Motion for Summary Judgment [*Oakerson*]

    5.    Defendant Rodriguez's and Rubinstein's Motions for Summary Judgment Based on Qualified Immunity [*Oakerson*] (May not be necessary to hear if Court denies Defendants' Motion for Leave to File.)

    6.    Defendant City's Motion for Summary Judgment [*Oakerson*]

    7.    Plaintiffs' Motion to Consolidate [*Ferrell* and *Oakerson*]

    **B.**    **Plaintiffs' Suggested Order for Considering Evidentiary Matters.**

Plaintiffs suggest that the Court consider questions regarding the admissibility of evidence raised by the parties in the following sequence.

    1.    Whether evidence regarding Justin Oakerson's termination is admissible in *Ferrell*.

    2.    Whether evidence regarding Joel Ferrell's termination is admissible in *Oakerson*.

    3.    Testimony of witnesses regarding anti-union statements/threats made by Defendant Rodriguez

        a.    Bryan Chandler
        b.    Reynaldo Gil
        c.    Fermin Casares
        d.    Carlos Elizondo
        e.    Sam Ortega (as recalled by Mr. Ferrell)

4.    Evidence regarding disparate treatment of Sam Ortega and Norma Ferrell (*Ferrell*) and Rigoberto Bocanegra (*Oakerson*)

5.    Testimony and other evidence regarding discussions with Defendants Rodriguez and Rubinstein regarding union activities in EMS

        a.    Sam Ortega
        b.    Alfredo Christman
        c.    Mike Higgins

6.    Documents and testimony regarding Plaintiff Ferrell's alleged prior infractions of standard operating procedures and medical protocols

        a.    Defendants' Exhibits 2, 3, 11, 12, 26a-26bb, 28, 33, 34 and 35
        b.    Testimony – Ferrell, Rodriguez, Rubinstein and Ybarra

Plaintiff believes that the Court already ordered exclusion of all or part of this evidence in its Order signed November 20, 2000. Thus, Plaintiff respectfully contends that while these issues have been raised again in Defendants' pleadings, that a second ruling on them is not necessary.

7.    Testimony regarding Defendants' failure to promote Ferrell to Training Officer

8.    Testimony regarding providing standby EMS services at the BFFA's 1997 picnic. (Plaintiff does not object to this evidence, and a ruling by the Court therefore may not be necessary.)

## II. Procedure Suggested by Defendants.

There are several motions and evidentiary questions pending before the Court which Defendants anticipate will be addressed at the April 10 motions hearing. Defendants have listed in Section II.A below their suggested order for the hearing of the various Rule 404(b) issues by the Court. Once these rulings have been made, Defendants would suggest that the pending motions be heard in the order listed in Section II.B below.

3

A.  **Defendants' Suggested Order for Considering Evidentiary Matters.**

Defendants' suggest that the Court consider questions regarding the admissibility of evidence raised by the parties in the following sequence.

1. Facts and basis for termination of Ferrell in the *Oakerson* case

2. Facts and basis for termination of Oakerson in the *Ferrell* case

3. Testimony of witnesses regarding alleged anti-union bias of Defendant Rodriguez

    a. Bryan Chandler (*Oakerson* case)
    b. Reynaldo Rosales (*Oakerson* case)
    c. Reynaldo Gil (*Oakerson* case)
    d. Fermin Casares (*Oakerson* case)
    e. Carlos Elizondo (*Oakerson* case)
    f. Arturo Rodriguez (*Ferrell* case / *Oakerson* case)
    g. Sam Ortega (*Ferrell* case / *Oakerson* case)

4. Alfredo Christman's and Carlos Rubinstein's testimony regarding the relationship between the BFFA and the City, Rubinstein and Rodriguez

    a. efforts to establish EMS employees' on behalf of Fire Fighters union. (*Ferrell* case / *Oakerson* case)
    b. Rubinstein's actions on behalf of City

        1. dues deductions (*Ferrell* case / *Oakerson* case)
        2. relationship and dealings between BFFA and Rubinstein (*Ferrell* case / *Oakerson* case)
        3. lack of anti-union animus of Rubinstein (*Ferrell* case / *Oakerson* case)
        4. lack of relationship between BFFA and Rodriguez or Johnson (*Ferrell* case / *Oakerson* case)

5. Mike Higgins' and Rubinstein's testimony regarding statement of Mayor regarding Rubinstein's discussion with Mayor of BFFA's efforts to organize EMS employees (*Ferrell* case / *Oakerson* case)

6. Documents reflecting Ferrell's prior infractions of Standard Operating Procedures and Medical Protocols.

    a. Defendants' Exhibit 2 (*Ferrell* case / *Oakerson* case)
    b. Defendants' Exhibit 3 (*Ferrell* case / *Oakerson* case)
    c. Defendants' Exhibit 11 (*Ferrell* case / *Oakerson* case)
    d. Defendants' Exhibit 12 (*Ferrell* case / *Oakerson* case)
    e. Defendants' Exhibit 26a-26bb (*Ferrell* case / *Oakerson* case)
    f. Defendants' Exhibit 28 (*Ferrell* case / *Oakerson* case)
    g. Defendants' Exhibit 33 (*Ferrell* case / *Oakerson* case)

4

      h.    Defendants' Exhibit 34  (*Ferrell* case / *Oakerson* case)
      i.    Defendants' Exhibit 35  (*Ferrell* case / *Oakerson* case)

7. Testimony regarding Ferrell's history of prior inappropriate medical treatment of patients and disciplinary action.

    a. Ferrell  (*Ferrell* case / *Oakerson* case)
    b. Rodriguez (*Ferrell* case / *Oakerson* case)
    c. Rubinstein (*Ferrell* case / *Oakerson* case)
    d. Dr. Ybarra (*Ferrell* case / *Oakerson* case)

8. Testimony regarding standby EMS services at 1997 picnic

    a. Rodriguez (*Ferrell* case / *Oakerson* case)
    b. Rubinstein (*Ferrell* case / *Oakerson* case)
    c. Christman (*Ferrell* case / *Oakerson* case)

9. Failure to promote Ferrell to Training Officer

    a. Ferrell  (*Ferrell* case / *Oakerson* case)
    b. Rodriguez (*Ferrell* case / *Oakerson* case)


**B.**  **Defendants' Suggested Order for Hearing All Matters Before the Court.**

Once the Court has ruled on the pending Rule 404(b) evidentiary matters, Defendants would agree that the remaining pending motions and matters should be considered by the Court in the following order.

1. Defendant Rubinstein's Motion for Summary Judgment Based on Qualified Immunity (*Ferrell*)

2. Defendant City's Motion for Summary Judgment (*Ferrell*)

3. Defendant Rodriguez's and Rubinstein's Motions for Summary Judgment Based on Qualified Immunity (*Oakerson*)

4. Defendant City's Motion for Summary Judgment (*Oakerson*)

5. Plaintiffs' Motion to Consolidate (*Ferrell* and *Oakerson*)

6. Consideration of necessity of additional discovery relating to treatment of other union members and organizers

5

Respectfully submitted,

DEATS & LEVY, P.C.

*B. Craig Deats by permission*

B. Craig Deats
Fed. Adm. No. 6369
State Bar of Texas No. 05703700
327 Congress Ave., Suite 300
Austin, Texas 78701
(512) 474-6200
FAX (512) 474-7896

LAW OFFICES OF MIGUEL A. SALDAÑA

Miguel A. Saldaña
Fed. Adm. No. 10954
State Bar of Texas No. 17529450
Corporate Plaza, Suite 109
302 Kings Highway
Brownsville, Texas 78521
(956) 542-9161
FAX (956) 542-3651

Attorneys for Plaintiffs


LAW OFFICE J. ARNOLD AGUILAR

J. Arnold Aguilar
Fed. Adm. No. 6822
State Bar of Texas No. 00936270
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520
(956) 504-1100
FAX (956) 504-1408

Attorneys for Defendants

6

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document has been sent by hand delivery, to the attorney for Defendants, J. Arnold Aguilar, LAW OFFICE J. ARNOLD AGUILAR, Artemis Square, Suite H-2, 1200 Central Blvd., Brownsville Texas 78520, on this 22nd day of February 2001.

_____
Miguel A. Saldaña