41

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 2 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUSTIN OAKERSON, | § | |
| Plaintiff, | § § § | |
| v. | § § | CA NO. B-99-197 |
| CITY OF BROWNSVILLE, ARTURO RODRIGUEZ, and CARLOS RUBINSTEIN, | § § § § | JURY |
| Defendants. | § § | |

**SUPPLEMENTAL EVIDENCE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF THE COURT:

As instructed in the Court's Order signed March 20, 2001, Plaintiff submits for the Court's consideration pages 177 to 180 of Defendant Arturo Rodriguez's deposition taken in this case. The referenced deposition pages are attached hereto and incorporated by reference herein.

Respectfully submitted,

DEATS & LEVY, P.C.

_____
B. Craig Deats
Fed. Adm. No. 6369
TBN: 05703700
327 Congress Avenue, Suite 300
Austin, Texas 78701
(512) 474-6200
FAX (512) 474-7896

Miguel A. Saldaña
LAW OFFICES OF MIGUEL A. SALDAÑA
Fed. Adm. No. 10954
TBN: 17529450

1

Corporate Plaza, Suite 109
302 Kings Highway
Brownsville, Texas 78521
(956) 542-9161
FAX (956) 542-3651

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading was sent to the attorney of record for Defendants, J. Arnold Aguilar, Law Office of J. Arnold Aguilar, Artemis Square, Suite H-2, 1200 Central Blvd., Brownsville Texas 78520, FAX (956) 504-1408, by telephonic document transfer and first class mail on this 21st day of March, 2001.

_____
B. Craig Deats

158

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOEL FERRELL | X | |
| | X | |
| VS. | X | |
| | X | CIVIL ACTION NO. B-99-062 |
| CITY OF BROWNSVILLE, | X | |
| ARTURO RODRIGUEZ, AND | X | |
| CARLOS RUBINSTEIN | X | |
| | | |
| JUSTIN OAKERSON | X | |
| | X | |
| VS. | X | |
| | X | CIVIL ACTION NO. B-99-197 |
| CITY OF BROWNSVILLE, | X | |
| ARTURO RODRIGUEZ, AND | X | |
| CARLOS RUBINSTEIN | X | |

---

ORAL DEPOSITION OF
ARTURO RODRIGUEZ
JULY 13, 2000
VOLUME 2

---

    VOLUME 2 of the ORAL DEPOSITION OF ARTURO RODRIGUEZ, produced as a witness duly sworn by me at the instance of the PLAINTIFFS, taken in the above styled and numbered causes on JULY 13, 2000, before MAUREEN STINGLEY, Certified Shorthand Reporter No. 691 in and for the State of Texas, at the offices of J. Arnold Aguilar, Artemis Square, Suite H-2, 1200 Central Boulevard, Brownsville, Texas.

```
1    Open Records Act, Freedom of Information Act and just
2    his general rights to privacy, I don't think he can
3    identify the actual name.  He can tell you the facts of
4    what happened or the circumstances surrounding it, but
5    I don't think he can actually tell you his name.
6               To that extent, before he accidentally
7    just blurts it out, I'm going to instruct him not to
8    mention the name, but you can describe the facts
9    surrounding it.
10              THE WITNESS:  Okay.
11       Q.  The employee that you're talking about, this
12   was an employee --
13              MR. AGUILAR:  Could we take a short break?
14              MR. DEATS:  Sure.
15              (Brief recess)
16       Q.  The other employee that you're thinking of that
17   failed probational probation -- promotional
18   probation --
19       A.  Promotional, yes, sir.
20       Q.  I don't know what a probational probation would
21   be.
22       A.  Your guess, my guess.
23              MR. AGUILAR:  Like a double secret
24   probation.
25       Q.  But with regards to promotional probation, the
```

```
1    other employee that you're thinking of, was that an
2    employee who was promoted from EMT to paramedic?
3         A.   EMT intermediate to paramedic.
4         Q.   Correct.
5         A.   Yes, sir.
6         Q.   And why did that employee fail promotional
7    probation?
8         A.   Due to -- I need to think it over.
9         Q.   An allegation?
10        A.   Yeah, we had a hearing.  There were allegations
11   that he had not done his duties, and we investigated
12   and found them to be -- some factual information there,
13   and based on that information, he was demoted to
14   intermediate again.
15        Q.   And approximately when did that occur?
16        A.   I would say the early part of '97.
17        Q.   Early part of '97?
18        A.   Yes, sir, about early to mid 1997.
19        Q.   Okay.  And did the employee appeal that
20   decision?
21        A.   Yes, sir.
22        Q.   And the appeal went to whom?
23        A.   It went to the city manager's office.  To whom
24   specifically, it was Ivan Walker, but I don't know what
25   acting role.
```

1      Q.  And Ivan Walker was the city attorney's name?

2      A.  I don't know.  That was what I was trying to

3  answer.  I don't know what his role was at the time.

4      Q.  Now, I take it that that situation was under

5  these policies, correct, the policies that are

6  contained in Deposition Exhibit 26?

7      A.  Yes, sir.

8      Q.  Now, the personnel policies changed shortly

9  before Mr. Oakerson became the training officer, didn't

10 they?

11     A.  Yes, sir.

12             (Exhibit No. 27 was marked)

13     Q.  I'm handing you what has been labeled for

14 identification purposes as Deposition Exhibit 27.  Do

15 you recognize this to be a copy of the new personnel

16 policies.

17     A.  They appear, yes.  Yes, they do.

18             MR. DEATS:  And I have been referring to

19 these as deposition exhibits.  I'm going to call them

20 plaintiff's exhibits.  I think that's what the Court

21 wants us to do.

22             MR. AGUILAR:  Actually, I think we had

23 agreed, since we're numbering them consecutively, that

24 we're just calling them all just exhibits for the

25 deposition of plaintiffs or whatever, because that way

180

1    -- I'm planning on referring to a lot of these the same

2    way, also, for the purpose of simplicity.

3        Q.  Okay.  But you have seen the new personnel

4    policies, haven't you?

5        A.  Yes, sir.

6        Q.  Okay.  And you see that the second page of

7    Deposition Exhibit 27 and the third page are copies of

8    an ordinance adopting these personnel policies in

9    Brownsville?

10       A.  Yes, sir.

11       Q.  And apparently that was done on July 7th, 1998?

12       A.  Yes, sir.

13       Q.  And then following that are excerpts from the

14   new personnel policies themselves?

15       A.  What's an excerpt?

16       Q.  Just parts of the policy.

17       A.  Oh, yes.

18       Q.  I'm not purporting that this is a complete set

19   of the policies --

20       A.  I understand.

21       Q.  -- but only the parts that we're interested in.

22            MR. AGUILAR:  And, actually, on that, I

23   would ask that, since you have just taken out parts, to

24   avoid confusion -- I may need to refer to other parts

25   that you did not make copies of.  So for Exhibits 26